# U. S. DISTRICT COURT.

## *In re* CAROW.

An adjudication of bankruptcy terminates the interest of the bankrupt in any policy of insurance, and the policy is thenceforth void and of no effect; but an insurance company may consent to continue their liability by the usual transfer of the policy to the register in charge of the bankruptcy proceedings, until an assignee shall have been appointed, and may also transfer said policy to the assignee when appointed. It is optional with the company to continue the risk by such transfers, or to cancel the same.

The title to the property of a bankrupt, by operation of law, vests in the register as register, although the property may be in the possession of the U. S. marshal as messenger, it is still in the possession of the court, and the register is, by the bankrupt law, the court or trustee.

The U. S. marshal and assignee or trustee are officers of the court, and must obey the order of the register, and their necessary expenses and disbursements made by them in the protection of the property of the bankrupt's estate must be taxed by the register and paid out of the estate.

*Southern District of New York.*

*Before* JOHN FITCH, *Register—*This cause is now pending before me. The said Carow has been duly adjudicated a bankrupt by the district court. The United States marshal, as messenger, has seized, attached, and has in his possession, under the order of this court, three ships, claims of indebtedness to the bankrupt and other property, claimed by creditors to be the property of the estate of the bankrupt. It is satisfactorily shown to me by creditors and by the United States marshal, that these ships are estimated to be worth from eighty to one hundred thousand dollars or more, subject to liens and incumbrances. It appears by the schedules of the said bankrupt that the said three ships were previously insured in various companies, and that notes of the bankrupt were given in payment of said insurance,

which notes have not been paid, and are set out in said schedule as part of the indebtedness of the said bankrupt.

I decide, as a matter of law, that the adjudication of this court, declaring the said Carow a bankrupt, ended the liability of the companies upon their policies unless they saw fit, at the request of the register in bankruptcy, or the United States marshal as messenger, in writing, to consent to continue their liability under said policies by the usual consent and transfer of said policies from the said Carow to the said register or marshal, on account of the creditors of the estate, until an assignee shall have been appointed, and then it would be optional with the companies to continue the risks by transfers to the assignee or to cancel the same.

The interest of the assured in a policy ceases with any transfer thereof. An adjudication of bankruptcy by operation of law transfers the interest of the bankrupt in a policy to the register. The policy is not assignable without the consent of the company in writing. The assignment of the policy to the register to be of any benefit to the estate, must be with the consent of the company in writing, and without such consent the policy, after such adjudication, would be void and of no effect, as an assignment without consent of the company, avoids the policy. (*Smith* agt. *The Saratoga County Mutual Fire Ins. Co.*, 1 *Hill*, 497.)

It is not necessary that the bankrupt should *pro forma* assign the policy to the register, as the register takes it by operation of law.

The filing of a petition in bankruptcy at once brings the property of the insolvent into the bankruptcy court, and places it in its custody and under its protection as fully as if actually brought into the visible presence of the court.

I hold it to be my duty, and that I am required by law, to protect the interest of the creditors, or by an order of this court to direct the United States marshal to cause the said ships to be properly insured, in safe and responsible in-

surance companies, as by the bankrupt law the title of the property and estate of the bankrupt upon the adjudication and order of reference to the register, by operation of law, at once vests in the register as register ; and although in the actual possession of the United States marshal as messenger, it is still in the possession of the court, and he will be protected in his obedience to its orders by the court. His expenses, disbursements and costs are taxed and allowed by the register (*rule* 5). The register has the power to order the payment of fees and expenses incurred in the proceedings out of the funds in the hands of the assignee. (*In re Lane*, 2 *B. R.*, 100). He may appoint a watchman to take charge of the property. (*In re Bogert et al.*, 2 *B. R.*, 178 ; *In re Shafer et al.*, 2 *B. R.*, 178.) He is authorized and required to receive the surrender of property and keep it safely until it can be turned over to the assignee. (*In re Hasbrouck*, *B. R.*, *Sup.*, 17.) In this case the money necessary to pay for the insurance will have to be advanced by the marshal, and be allowed to the marshal in his bill of costs, with a fair compensation for the use of it, to be allowed and taxed by the register and paid out of the proceeds of the estate.

I hold it to be the duty of the register to exercise a sound discretion in regard to the direction to be given in regard to estates in bankruptcy, that all insurable property should be properly insured and properly cared for in every respect ; that the register is as it were, the guardian and protector of the property in the possession of the court, and under its control, and the marshal as an officer of the court, is also under its control, as it was held in the case of *In re Glaser* (1 *B. R.*, 73), BLATCHFORD, J., that district courts had original jurisdiction in all matters and proceedings in bankruptcy, and that that jurisdiction extends to all acts, matters and things to be done under and in virtue of the bankruptcy. The estate surrendered is placed in the custody of the court so sitting in bankruptcy, and the officer

(assignee or trustee), appointed to manage it, is accountable to the court appointing him and to that court alone. (*In re Barrow, In re Loeb, Simon & Co., In re Winter*, 1 *B. R.*, 125; *In re Schnepf, B. R. Sup. XLI.; In re Bowie*, 1 *B. R.*, 185.) The commencement of proceedings in bankruptcy at once transfers to the district court the jurisdiction over the bankrupt, his estate and all parties and questions connected therewith. (*Jones* agt. *Leach et al.*, 1 *B. R.*, 165; *Pennington* agt. *Sale, Phelan et al.*, 1 *B. R.*, 157; *In re Kingon*, 38 *How.*, 392, *and the authorities there cited.*)

The United States marshal, as messenger, is an officer of the court, and subject to its authority and control, and must obey its orders and directions as such officer can for the interests of the creditors, and also have a care that the interests of the bankrupt shall be protected, and that his property shall be so managed as to realize the largest amount attainable, both for the interest of the creditors, and that the bankrupt may, by such judicious management of his property and effects, come within the provision of the fifty per cent. clause. In order to afford the marshal, as messenger, full protection and guaranty by order of the district court from loss by rason of his advance for premiums upon the policies of insurance, I propose to grant the following order in this cause :

" That the United States marshal cause to be insured the three ships, now in possession under and by virtue of an order of this court, viz.: *Polar Star, Tri-Mountain* and *Edith ;* that he cause to be insured the *Polar Star* at the sum of sixteen thousand dollars, the *Tri-Mountain* at twenty-six thousand dollars, and the *Edith* at forty-five thousand dollars, or as near those sums as he can procure insurance on them respectively, in safe, solvent and responsible insurance companies in the state of New York, upon reasonable and proper terms as to rates of insurance, for the space of two months."

Which, as the order of this court, will afford the marshal

In re Carow.

ample protection, and at the same time secure the creditors the value of the property, in case of'loss, and also secure the other claimants and all those having prior liens or admiralty liens which may have become vested rights prior to the adjudication in bankruptcy. In any event the policies should be so worded as to cover the interests of all concerned.

As this is a question as to the power of the register in involuntary cases to cause proper care to be taken of property, I ask the direction of the district court as to the issue of the order to the United States marshal, as the marshal desires the protection and direction of the court in this matter, there being adverse claimants of the property to be insured, and the attorneys for the bankrupt claim that the bankrupt had neither right, title nor interest in the ships, and that this court in bankruptcy has not, by any proceedings in this cause, acquired any jurisdiction over the same.

BLATCHFORD, J.—If the marshal, as messenger, has these ships in his possession and actual custody as the property of the bankrupt, it is proper they should be insured in such sums and for such time as shall seem to the register proper. In that view and on the certificate of the register, the annexed proposed order is approved.